UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint against defendant, Harleysville Insurance Company of New York ("Harleysville"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Harleysville is obligated to defend and indemnify E-J Electric Installation Co. ("E-J") in a lawsuit entitled *Samuel Hernandez v. The City of New York, et ano.*, in the Supreme Court of the State of New York, County of Kings, Index Number 517559/2021 (the "Underlying Action"), as an additional insured under a policy of insurance issued by Harleysville on a primary, non-contributory basis.

## THE PARTIES

2. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

3. Upon information and belief, Harleysville is an Ohio corporation with its principal place of business located in Harleysville, Pennsylvania.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. In the Underlying Action, Samuel Hernandez ("Claimant") seeks recovery for alleged personal injuries including, but not limited to, right hand fracture, nasal cavity fracture, jaw fracture, and several loose teeth. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Harleysville.

8. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

9. Harleysville issued a policy of insurance to Citywide Paving, Inc. ("Citywide") for the policy period September 14, 2020 to September 14, 2021 (the "Harleysville Policy").

10. Subject to certain terms, conditions, and exclusions, the Harleysville Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Upon information and belief, the Harleysville Policy contains "CG-7394 6-12 AI Own Less Cont Comp Ops Auto Status Co" endorsement that modifies the Commercial General Liability Coverage Part, and provides in relevant part:

> A. Section II – Who Is An Insured is amended to include as an insured any person or organization, but only with respect to liability arising out

     of "your work" performed for that insured and included in the "products-completed operations hazard".

  B. Other Insurance
   1. If specifically required by a written contract or agreement, any coverage provided by this endorsement to an additional insured shall be primary and any other valid and collectible insurance available to the additional insured shall be non-contributory with this insurance.
   In the absence of a written contract or if the written contract does not require this coverage to be primary and the additional insured's coverage to be non-contributory, this this insurance will be excess over any other valid and collectible insurance available to the additional insured.

12. Travelers issued a policy of insurance to E-J for the policy period March 31, 2020 to May 31, 2021 (the "Travelers Policy").

13. E-J is a Named Insured on the Travelers Policy.

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

## BACKGROUND FACTS

16. E-J, as Contractor, and Citywide, as Subcontractor, entered into a Master Services Agreement dated September 20, 2018 (the "MSA").

17. Pursuant to the MSA "[a]ll invitations, RFP's, permissions and requests for work, projects, supplies, services, materials or labor made or issued by Contractor during the term hereof shall be deemed issued under and pursuant to this Agreement and the terms and conditions hereof shall apply absent express written notice and agreement from Contractor to the contrary."

18. The terms of the MSA required Citywide to procure and maintain Commercial General Liability Insurance with minimum limits of $2,000,000 per occurrence and $4,000,000 aggregate naming E-J as an additional insured on a primary and non-contributory basis.

19. The terms of the MSA require Citywide to indemnify and save harmless E-J from and against any claims arising out of, resulting from, or occurring in connection with Citywide's work.

20. Pursuant to the terms of the MSA, E-J issued request for work # TSR E67 dated September 18, 2020 (the "Request for Work") for Citywide to perform certain roadway restoration work at the intersection of Loring Avenue and Eldert Lane.

21. Upon information and belief, Citywide performed roadway restoration work at the intersection of Loring Avenue and Eldert Lane on or before January 4, 2021.

22. In the Underlying Action, Claimant alleges that, on January 6, 2021, he was traversing the intersection of Loring Avenue and Edert Lane, Brooklyn, NY on a bicycle when he was caused to be thrown to the ground and injured.

23. Claimant alleges he was caused to be injured when his bicycle came into contact with a defective portion of roadway.

24. In the Underlying Action, Claimant asserts causes of action against The City of New York and E-J seeking to recover for his injuries based on theories of negligence.

25. Travelers has been providing and continues to provide E-J a defense in the Underlying Action.

## TENDERS TO HARLEYSVILLE

26. By correspondence dated November 15, 2021, Travelers tendered the defense and indemnity of E-J to Harleysville and Citywide.

27. Harleysville denied Travelers' tender by correspondence dated February 2, 2022.

28. By correspondence dated February 7, 2022, Travelers retendered the defense and indemnity of E-J to Harleysville.

29. By correspondence dated March 2, 2022, Travelers retendered the defense and indemnity of E-J to Harleysville.

30. Harleysville denied Travelers' retender by correspondence dated March 4, 2022.

31. By correspondence dated July 1, 2022, Travelers retendered the defense and indemnity of E-J to Harleysville.

32. Harleysville denied Travelers' retender by correspondence dated August 26, 2022

33. Harleysville has refused to provide additional insured coverage to E-J under the Harleysville Policy.

34. Harleysville has refused to provide a defense to E-J under the Harleysville Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

35. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "34" above as if fully set forth herein.

36. E-J qualifies as an additional insured under the Harleysville Policy.

37. E-J is entitled to a defense in the Underlying Action under the Harleysville Policy.

38. E-J is entitled to indemnification under the Harleysville Policy for any verdict or judgment rendered against it in the Underlying Action.

39. The coverages provided to E-J under the Harleysville Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

40. Harleysville has refused to fulfill its coverage obligations to E-J with respect to the Underlying Action.

41. Accordingly, Travelers seeks a declaration that Harleysville has an obligation to defend and indemnify E-J as an additional insured under the Harleysville Policy; that the coverages provided by the Harleysville Policy to E-J are primary; and that the obligations of Travelers to E-J in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Harleysville Policy.

42. In addition, Travelers seeks an award at law and in equity against Harleysville for recovery of all sums Travelers has paid and continues to pay in the defense of E-J in the Underlying Action because the coverages provided by the Harleysville Policy are primary to any coverage provided by Travelers.

WHEREFORE, Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that E-J is an insured under the Harleysville Policy to whom Harleysville owes coverage with respect to the Underlying Action;

2. Declaring that Harleysville has a duty to defend E-J in connection with the Underlying Action;

3. Declaring that Harleysville has a duty to indemnify E-J in connection with the Underlying Action;

4. Declaring that Harleysville's coverage obligations to E-J with respect to the Underlying Action are primary to any coverage provided by Travelers;

5. Declaring that the obligations of Travelers to E-J in connection with the Underlying Action are excess and non-contributory to those of Harleysville;

6. Awarding judgment against Harleysville in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against E-J in the Underlying Action;

7. Awarding judgment against Harleysville in an amount equal to any sums that Travelers may incur to resolve and/or indemnify E-J for the claims in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 7, 2022

USERY & ASSOCIATES

By: /s/Lisa Szczepanski
Lisa Szczepanski
*Attorneys for The Travelers Indemnity Company*
T. (917) 778-6800
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017